**TEXAS & NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**Viviano LOPEZ, Appellee.**

No. 13981.

Court of Civil Appeals of Texas.

San Antonio.

July 11, 1962.

Moursund, Ball & Bergstrom, San Antonio, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Viviano Lopez against Texas & New Orleans Railroad Company seeking to recover for damages to his automobile sustained in a crossing collision with defendant's train. The trial was to a jury upon special issues, and resulted in judgment for Lopez in the sum of $999.99, together with interest at 6% per annum. Texas & New Orleans Railroad Company has appealed.

■ Appellant's first point is that there was no evidence to show the fair market value of appellee's automobile just prior to and just after the collision. We overrule this point. Appellee testified on direct examination as follows:

"Q Mr. Lopez, do you know the fair, reasonable market value of your automobile in San Antonio, Bexar County, Texas, on the day of the collision, before the collision?

"A Yes, sir. * * * (Objection by opposing counsel.)

"Q What was the value of your automobile in San Antonio, Bexar County, Texas, prior to this collision?

"A $1500.00.

"Q Do you know the value of your automobile in Bexar County, Texas, immediately after the collision and before it was repaired?

"A Yes, sir.

"Q. How much was that?

"A $500.00.

"Q Did you sell it for junk?

"A Yes, sir.

"Q How much did you get?

"A $275.00."

This constitutes some evidence of the fair market value of the automobile before and after the collision, even though appellee contradicted himself on cross-examination.

Appellant's fourth point is to the effect that the jury in determining the fair market value of appellee's automobile considered prices quoted in a current daily newspaper. The record shows that the foreman of the jury, Kenneth R. Davis, testified that he read quotations of automobile prices in a daily newspaper, and when the jurors had different opinions as to the market value of appellee's car he called these prices to their attention. Appellee's automobile was a 1957 Chevrolet, and in the newspaper he found a 1958 Chevrolet quoted at $1500.00. He told the jury that the newspaper was not in evidence, but he thought they might use it as a guide. He heard someone say the paper might be wrong. This took place while the jury were deliberating and before they had determined the value of appellee's wrecked automobile. The collision occurred in April, 1960, and the trial took place some eighteen months later, on October 13, 1961. In view of the fact that the only evidence in the record as to the value of appellee's automobile just before the collision was given by appellee himself, and such evidence was repudiated by him on cross-examination, we regard the statements of the foreman to the other members of the jury, as to his reading a current issue of the newspaper and finding a quoted price of a 1958 Chevrolet, as very improper, and that by hearing these statements the jury received evidence not in the record, which was very harmful to appellant.

While the foreman, Kenneth R. Davis, testified that this was his first jury duty and he did not realize that it was improper for him to tell the jury what he had learned from reading the paper, his conduct and that of the jury was very improper. It reasonably appears to us from the evidence, both on the hearing of the motion and on the trial of the case, and from the record as a whole, that injury probably resulted to appellant. Rule 327, Texas Rules of Civil Procedure; Texas Employers' Ins. Ass'n v. Price, Tex.Civ.App., 336 S.W.2d 304; Weathers v. Renshaw Bros. Well Servicing Co., Tex.Civ.App., 307 S.W.2d 640; Gulf States Equipment Co. v. Toombs, Tex.Civ. App., 288 S.W.2d 203; Western Cottonoil Co. v. Arnold, Tex.Civ.App., 279 S.W.2d 374.

There are other points presented by appellant, but in view of the fact that from what we have already said, this cause must be reversed and remanded, we do not find it necessary to pass upon such points.

The judgment of the trial court is reversed and the cause remanded.